Rudolph S. PAPESH,

v.

AMERICAN NATIONAL CAN CO., et al.

No. Civ.A. WMN 93–523.

United States District Court,
D. Maryland.

March 13, 1997.

Rudolph S. Papesh, pro se.

Mary T. Keating, Baltimore, MD, for Defendants.

## MEMORANDUM

NICKERSON, District Judge.

Pending before the Court are the following motions: Plaintiff's Motion for Leave to File an Amended Complaint (Paper No. 40); Plaintiff's Motion for Continuance and Jury Trial (Paper No. 42); and Plaintiff's Motion to the Court to Enforce its Order, Dated 12/20/96, for Continuance and Jury Trial (Paper No. 47).[1] Upon a review of the pleadings and the applicable case law, the Court determines that a hearing is not necessary (Local Rule 105.6), and that the Plaintiff's motions will be denied.

The facts of this case have previously been described by the Court in its March 14, 1995 ruling on Defendant American National Can Company's Motion to Dismiss or in the Alternative for Summary Judgment (Paper No. 17). *See* Paper No. 23. Although the Court initially granted the employer's motion for summary judgment, the Court reconsidered that ruling upon Plaintiff's further showing that there was a dispute of fact as to whether the employer had administered the disability

---

1. Plaintiff's Motion to Clarify and Review Conflicting Date in Recent Presentation to Plaintiff & Recorded Postmark, and to Extend Time to Respond (Paper No. 45) has been rendered moot because defense counsel did not oppose Plaintiff's having additional time to reply.

benefits fairly and denied summary judgment to the employer on June 9, 1995. Paper No. 26.

Because there was no activity in the case for more than a year after Plaintiff's Motion to Reconsider was granted, the Court issued an order on October 2, 1996 which gave Plaintiff ten days in which to show cause as to why the case should not be dismissed. Paper No. 35. Plaintiff filed a responsive pleading which alleged that he had been denied certain pension benefits by his employer, allegations which, as far as the Court could discern, had not previously been part of this lawsuit. Paper No. 38. The Court granted Plaintiff's motion for the case to continue on the condition that Plaintiff file, within 14 days, a motion for leave to amend his complaint and a proposed amended complaint, to include the allegations regarding the pension benefits. Paper No. 39. The Court specified that if Plaintiff did not file these papers within the time allotted, his case would be dismissed.

Plaintiff did not fully comply with the Court's order. Plaintiff filed a motion for leave to amend his complaint but did not comply with Local Rule 103.6 which requires that motions for leave to amend complaints be accompanied by a clean copy and a redlined copy of the proposed amended complaint. The reason for such a rule is apparent from the difficulty defense counsel and the Court have in determining exactly what causes of actions Plaintiff is seeking to add to his complaint by way of the motion for leave to amend. *See* Paper No. 41 at 1.

■ To the extent that Defendant can discern Plaintiff's argument, Defendant counters that any and all causes of action which Plaintiff might try to bring would be time-barred. In *Dameron v. Sinai Hosp.*, 815 F.2d 975 (4th Cir.1987), the court held that a cause of action under ERISA to enforce rights or recover benefits under an employee pension plan is governed by the same statute of limitations as the Maryland statute of limitations governing contract actions. Maryland law requires that a suit for breach of contract be brought within three years from the date the cause of action accrues. Md. Code Ann.Cts. & Jud.Proc. § 5–101 (1995).

Here, Plaintiff was denied immediate entitlement to pension benefits in 1987. The latest the cause of action accrued was in July 1989 when Plaintiff received the first of his two pension benefits. Plaintiff attached to his motion a letter sent by his then attorney to the employer in July of 1989 discussing the pension issue and stating that Plaintiff was considering litigation if the matter could not be resolved between the parties. Paper No. 40, ex. 1. Plaintiff did not file this action until February 1993, more than three years later. Thus, Defendant argues, the entire lawsuit was barred by the statute of limitations, and the amendments Plaintiff now seeks to make are also clearly so barred.

■ Plaintiff did not reply to this argument. The Court must consider whether the employer waived this defense. The employer did not raise this issue in its motion to dismiss, or, in the alternative, for summary judgment. Moreover, when Plaintiff moved for reconsideration, Defendant did not respond at all, let alone by raising the statute of limitations argument. It was not until the employer's opposition to Plaintiff's instant motion to amend his complaint that the issue of the statute of limitations was squarely presented to the Court. Defendant has also recently filed an answer to the complaint which raises the statute of limitations as an affirmative defense.

■ Adoption of the state limitations period does not require the supplanting of the Federal Rules governing the procedure by which affirmative defenses, including the defenses of limitations and laches, must be raised. *Moore v. Tangipahoa Parish Sch. Bd.*, 594 F.2d 489, 495 (5th Cir.1979). When it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss. *R.W. Murray Co. v. Shatterproof Glass Corp.*, 697 F.2d 818, 821 (8th Cir.1983). The limitations defense will not be waived, however, when it is not raised in such a motion, as long as it is raised in the answer. *Daingerfield Island Protective Soc. v. Lujan*, 797 F.Supp. 25, 29 (D.D.C.1992).

Here, the employer raised the statute of limitations as an affirmative defense in its answer, but its answer was only filed on February 3, 1997. Paper No. 44 at 2. Even failing to raise limitations in an answer, however, will not necessarily serve to waive the defense where the policy behind the Rule 8(c), to avoid unfair surprise, is not violated. *Charpentier v. Godsil,* 937 F.2d 859, 864 (3d Cir.1991). Here, plaintiff has not been prejudiced. Plaintiff had the opportunity to reply to Defendant's arguments on this motion but did not choose to do so. Consequently, the court finds that, although it would have been preferable for all concerned if the employer had raised the statute of limitations defense in its initial dispositive motion, and had timely answered the complaint after the court granted Plaintiff's motion to reconsider the grant of summary judgment to the employer, the employer has not waived the defense that Plaintiff's action is time-barred. Plaintiff's motion to amend his complaint will be denied and Plaintiff's remaining claims against his former employer will be dismissed as time-barred.

Additionally, although the Defendant United Steelworkers of America, AFL—CIO, Local 6660 ("Union"), was served with the Complaint, the Union never filed an answer. Plaintiff received a letter from the Clerk of the Court in August 1995 suggesting that he file a motion for default judgment against the Union, but Plaintiff never did so. Because the Plaintiff's claims against the Union are similarly time-barred and because Plaintiff has not shown cause as to why his claims against the Union should not be dismissed (Local Rule 103.8.b), Plaintiff's claims against the Union will also be dismissed. A separate order will issue.

### ORDER

Pursuant to the foregoing memorandum and for the reasons stated therein, IT IS this 13th day of March, 1997, by the United States District Court for the District of Maryland hereby ORDERED:

1. That Plaintiff's Motion for Leave to File an Amended Complaint (Paper No. 40) is DENIED;

2. That Plaintiff's Motion for Continuance and Jury Trial (Paper No. 42) is DENIED;

3. That Plaintiff's Motion to the Court to Enforce its Order, Dated 12/20/96, for Continuance and Jury Trial (Paper No. 47) is DENIED;

4. That Plaintiff's Motion to Clarify and Review Conflicting Date in Recent Presentation to Plaintiff & Recorded Postmark, and to Extend Time to Respond (Paper No. 45) is DENIED AS MOOT;

5. That Judgment is entered in favor of Defendant American National Can Company and against Plaintiff;

6. That Plaintiff's claims against Defendant United Steelworkers of America, AFL—CIO, Local 6660, are dismissed for failure to prosecute;

7. That any and all prior rulings made by this Court disposing of any claims against any parties are incorporated by reference herein and this order shall be deemed to be a final judgment within the meaning of Fed. R.Civ.P. 58;

8. That the Clerk of the Court shall CLOSE this case; and

9. That the Clerk of the Court shall MAIL copies of this order and the foregoing memorandum to Plaintiff and all counsel of record.